34 A.3d 777

IN THE MATTER OF STEEVE J. AUGUSTIN, AN ATTORNEY AT LAW (ATTORNEY NO. 023132001).

January 26, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–394 and DRB 10–414, concluding that **STEEVE J. AUGUSTIN of NEWARK,** who was admitted to the bar of this State in 2001, and who has been temporarily suspended by consent from the practice of law by Order of the Court filed September 14, 2011, should be suspended for a period of three years for the unethical conduct found in DRB 10–394 (the *Borgata* matter) and disbarred for the unethical conduct found in DRB 10–414 (the *Mimms* matter) (default), including violations of *RPC* 1.15(a) (failure to safeguard client funds and knowing misappropriation of client funds) and *RPC* 8.4(c) (dishonesty, fraud, deceit or misrepresentation);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its independent review of the *Mimms* and *Borgata* matters that disbarment is required because of respondent's knowing misappropriation of funds in *Mimms* and the substantial jeopardy in which respondent placed client trust funds in the *Borgata* matter by his repeated use of his attorney trust account as collateral for gambling markers and his failure to timely repay a marker;

And good cause appearing;

It is ORDERED that **STEEVE J. AUGUSTIN** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that **STEEVE J. AUGUSTIN** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by **STEEVE J. AUGUSTIN** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of these matters, as provided in *Rule* 1:20–17.